FERNANDES SUPER MARKETS, INC. *vs.* STATE TAX COMMISSION.

Suffolk.    September 15, 1976. — November 5, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.

*Taxation,* Personal property: machinery, exemption; Manufacturing corporation.    *Corporation,* Manufacturing company.

Where the bakery component of a supermarket business accounted for only 2.79% of the total gross supermarket sales and 7.5% of the total gross profit, the corporation was not entitled to be classified as a "manufacturing corporation" within the meaning of G. L. c. 58, § 2. [319-324]

APPEAL from a decision of the Appellate Tax Board.

*David J. Saliba (Sandra B. Biren* with him) for the taxpayer.

*Andrew J. McElaney, Jr.,* Assistant Attorney General, for the State Tax Commission.

QUIRICO, J.    This is an appeal by Fernandes Super Markets, Inc. (Fernandes), a Massachusetts corporation, under G. L. c. 58A, § 13, from a decision of the Appellate Tax Board (board) upholding the action of the State Tax Commission under the provisions of G. L. c. 58, § 2, denying Fernandes's request for classification as a manufacturing corporation for the year 1974. The record on appeal

contains the board's findings of fact and report and the opinion filed pursuant to Fernandes's written request therefor under G. L. c. 58A, § 13. For the reasons discussed below, we affirm the board's decision.

The single issue raised by this case is whether Fernandes's bakery operations, as described in the board's findings of fact and report, required the board to declare, as matter of law, that Fernandes is a manufacturing corporation within the meaning of G. L. c. 58, § 2. The resolution of this question determines, inter alia, Fernandes's tax liability to both the Commonwealth and the cities and towns in which Fernandes operates its business. If Fernandes is a manufacturing corporation, all its machinery is exempted by G. L. c. 59, § 5, Sixteenth, from local personal property taxes which would otherwise be assessed on the machinery of a business corporation by cities and towns under G. L. c. 59, § 2, and a corporate excise payable to the Commonwealth is substituted for such local taxation, with a resulting benefit to Fernandes. "The exemption provided by § 5, Sixteenth, is not a true exemption from taxation but is an integral part of the method of taxation applicable to all the property of a corporation subject to that section. Section 5, Sixteenth, read with the relevant sections of G. L. c. 63, merely determines which governmental unit may impose a tax upon, or measured by, particular property. Property not taxed to a corporation under § 5, Sixteenth, is included in the measure of the excise imposed on the corporation under G. L. c. 63, and thus is indirectly taxed." *Assessors of Holyoke* v. *State Tax Comm'n,* 355 Mass. 223, 234 (1969).

We summarize the facts found by the board on the nature of Fernandes's business activities. Fernandes is a Massachusetts corporation with retail supermarket stores at thirty-three locations throughout southeastern Massachusetts. Each supermarket has a small bakery which makes pastry, bread, and other perishable baked products which are sold on the premises. Other bakery products with a "long shelf life," particularly cookies, are baked at

a central bakery in Newton and then delivered to and sold at the individual stores.

Fernandes's total gross supermarket sales in 1974 were $96,195,915, of which 2.79% or $2,683,688 were bakery product sales. The total gross profit on the Fernandes's supermarket sales in 1974 was $21,288,121, of which $1,594,484 represents the gross profit from the sale of bakery goods. The gross profit on the sale of bakery goods was 59.41%; the bakery profit accounted for 7.5% of the total gross profit of Fernandes. Two hundred eighty-four of Fernandes's 2,253 employees (12.6%) are engaged in "bakery activity."[1] The parties stipulated, and the board found, that the bakery activities constituted manufacturing. The board, however, held "that Fernandes is not entitled to be classified as a 'manufacturing corporation' pursuant to G. L. c. 58, § 2."

Because of the stipulation of the parties and the holding of the board, the frequently litigated question of what constitutes "manufacturing" under G. L. c. 58, § 2, is not before the court. Cf. *Joseph T. Rossi Corp.* v. *State Tax Comm'n*, 369 Mass. 178 (1975); *Franki Foundation Co.* v. *State Tax Comm'n*, 361 Mass. 614 (1972). We must decide whether the baking component of the larger supermarket operation is sufficient to qualify the entire Fernandes business as a manufacturing corporation. We hold that it is not.

When a corporation conducts both manufacturing and nonmanufacturing activities, the applicable statutes, G. L. c. 58, § 2, and G. L. c. 59, § 5, Sixteenth (3), do not specify what degree of manufacturing activity is required to classify a corporation as a "manufacturing corporation." *As-*

---

[1] The Attorney General in his brief argues that the board's findings "overstate the impact of the manufacturing activity" by failing to differentiate between Fernandes's profit as a merchant from the sale of the bakery goods and its profit as a manufacturer from the production of the bakery goods. He further argues that the percentage of employees involved in bakery activity is inflated by the board's failure to make this distinction. Given the insubstantiality of the bakery operations in relation to Fernandes's total business activity, we do not find it necessary to consider any such potential overstatement.

*sessors of Boston* v. *Commissioner of Corps. & Taxation,* 323 Mass. 730, 740 (1949). The statutory definition in G. L. c. 63, § 38C, as appearing in St. 1970, c. 634, § 4, merely provides in relevant part that a "domestic manufacturing corporation" is one "which is engaged in manufacturing." Our analysis must therefore depend on the legislative purpose underlying the exemption and our prior decisions examining the statutes and their purpose.

We have recently explored the underlying purpose of the exemption in *Franki Foundation Co.* v. *State Tax Comm'n,* 361 Mass. 614, 618 (1972), where we quoted the following language from *Assessors of Boston* v. *Commissioner of Corps. & Taxation,* 323 Mass. 730, 741 (1949): "The statutes granting exemption from the local tax on the machinery of corporations engaged in manufacturing must be fairly construed and reasonably applied in order to effectuate the legislative intent and purpose to promote the general welfare of the Commonwealth by inducing new industries to locate here and to foster the expansion and development of our own industries, so that the production of goods shall be stimulated, steady employment afforded to our citizens, and a large measure of prosperity obtained." See 1936 House Doc. No. 143, Report of the Special Commission Relative to Taxation of Tangible and Intangible Property and Certain Related Matters (Commission established by Res. 1935, c. 63); P. Nichols, Taxation in Massachusetts 249-251 (3d ed. 1938).

This legislative purpose of "check[ing] the decrease in manufacturing which had for years been in progress, and ... attract[ing] new manufacturing to this State," *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 321 Mass. 90, 96 (1947), does not of itself decide the degree of manufacturing necessary for a corporation engaged in both manufacturing and nonmanufacturing activity to qualify as a "manufacturing" corporation exempt from local taxation of its machinery. This legislative purpose does nonetheless suggest when the exemption is inappropriate. As we said in *Assessors of Boston* v. *Commissioner of Corps. & Taxation,* 323 Mass. 730, 745 (1949):

"The statutes do not require a corporation to be wholly engaged in manufacturing, or indeed that its principal business should be manufacturing, before it should be deemed to be a manufacturing corporation. On the other hand, it is to be noted that the extent of the exemption granted to manufacturing corporations is not only the machinery actually used in manufacturing but all the machinery of the corporation. The exemption is extensive when applicable. *The purpose of the exemption, however, was not to aid nonmanufacturing corporations, and the performance of any manufacturing by what is essentially a nonmanufacturing corporation does not confer upon it the right to enjoy the exemption*" (emphasis added).

Because the Legislature did not intend to confer a windfall tax exemption on nonmanufacturing corporations that engage in manufacturing "which is merely trivial or only incidental to its principal business," *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 324 Mass. 32, 39 (1949), our cases have required that the degree of manufacturing must be "substantial," *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 321 Mass. 90, 97 (1947), or "important and material," *Assessors of Boston* v. *Commissioner of Corps. & Taxation,* 323 Mass. 730, 746 (1949), when measured against the entire operations of the corporation. While we have not required that a manufacturing corporation necessarily have manufacturing as its principal business, we have examined the entire operations of the corporation to determine whether manufacturing constitutes a substantial component. *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 324 Mass. 32, 39 (1949).

Some of the important factors involved in determining whether a corporation should be classified as a manufacturing corporation were mentioned in *Commissioner of Corps. & Taxation* v. *Assessors of Boston,* 321 Mass. 90, 97 (1947): "Corporations whose manufacturing operations are substantial, whether viewed with respect to the financial receipts they bring to the corporation, or the proportion of the entire corporate income that they com-

prise, or the percentage of the entire capital which is invested in them, or the number of persons employed in them as compared with the total number of employees of the corporations, or the ratio to the entire business activities of the corporation, must be regarded as manufacturing corporations within our statutory definitions specifying those that are exempted from local taxation of their machinery." In that case, as in the present case, the taxpayer conducted a chain of supermarkets and also conducted some manufacturing operations, but in that case the manufacturing operations were much more extensive and they consisted of the processing of a substantial portion of the food products which it sold.

Fernandes has seized on words from prior opinions to argue that because the manufacturing component of its business is not "trivial" or "incidental," it should therefore be classified as a manufacturing corporation. Yet the case of *Commissioner of Corps. & Taxation* v. *Assessors of Boston*, 324 Mass. 32, 39 (1949), which Fernandes relies on, speaks of a business which conducts "manufacturing *to an extent far greater* than that which is merely trivial or only incidental to its principal business" (emphasis added). We think this language is simply another way of saying that the manufacturing component of the business must be substantial. Manufacturing corporations were the objects of the legislative exemption from local taxation, not retail sales businesses which include a minor element of manufacturing. Since a corporation classified as a manufacturing corporation under G. L. c. 58, § 2, receives an exemption for all its machinery, not just its manufacturing machinery, the requirement of substantiality is clearly appropriate.

We have resisted in the past, *Assessors of Boston* v. *Commissioner of Corps. & Taxation*, 323 Mass. 730, 745 (1949), and continue to resist drawing a strict line which would irrevocably set a particular percentage of manufacturing operations which would automatically qualify a corporation for the exemption in question. We prefer to retain the approach of our prior cases to this issue. "When a corporation conducts various lines of business, some of

which are manufacturing and some of which are not, it is difficult, if not impossible, to formulate in advance any rigid or fixed rule for determining whether, in view of the public policy declared by the Legislature, such a corporation should be classified as a manufacturing corporation." *Id.* at 746.

On the findings of fact made by the board, we hold that the board correctly decided that Fernandes was not entitled to be classified as a manufacturing corporation under the applicable statutes. Accordingly, the decision of the Appellate Tax Board is affirmed.

*So ordered.*